

JUDGE SWAIN   14 CV   5253

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

MARISA HOLMES,                                    )
                                                  )
                          Plaintiff,              )        **COMPLAINT**
                                                  )
          -against-                               )        **JURY TRIAL DEMANDED**
                                                  )
THE CITY OF NEW YORK; POLICE                      )
DETECTIVE KENNETH ODONNELL, Shield No.)
7432; POLICE DEPUTY INSPECTOR                     )
ANTHONY BOLOGNA; POLICE OFFICER                   )
FERNANDO CENTENOTALAVERA, Shield No. )
21642; JOHN DOES; and RICHARD ROES,               )
                                                  )
                          Defendants.             )
-------------------------------------------------------X

## PRELIMINARY STATEMENT

1.       This is a civil rights action in which the plaintiff MARISA HOLMES seeks relief

for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.       This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

## JURY TRIAL DEMANDED

3.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.     Plaintiff MARISA HOLMES was at all times relevant herein a resident of the State of New York.

6.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7.     Defendants POLICE DETECTIVE KENNETH ODONNELL, POLICE DEPUTY INSPECTOR ANTHONY BOLOGNA, POLICE OFFICER FERNANDO CENTENOTALAVERA, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color

of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE DETECTIVE KENNETH ODONNELL, POLICE DEPUTY INSPECTOR ANTHONY BOLOGNA, POLICE OFFICER FERNANDO CENTENOTALAVERA, and JOHN DOES are sued individually and in their official capacity.

8.      Defendants POLICE DETECTIVE KENNETH ODONNELL, POLICE DEPUTY INSPECTOR ANTHONY BOLOGNA, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE DETECTIVE KENNETH ODONNELL, POLICE DEPUTY INSPECTOR ANTHONY BOLOGNA, and RICHARD ROES are sued individually and in their official capacity.

3

## STATEMENT OF FACTS

9.      On September 24, 2011, approximately 12:48 p.m., Plaintiff was in the vicinity of the front of 1 Chase Manhattan Plaza, New York, NY.

10.     Plaintiff is a documentary film-maker and journalist, who was an active participant in the Occupy Wall Street (OWS) movement, and was filming an OWS demonstration occurring at that location.

11.     A man was kneeling down in the roadway, and giving an oration condemning Chase bank.

12.     Numerous members of the NYPD were also in the roadway, as well as numerous members of the public and journalists, including Plaintiff, who were watching and filming and / or photographing what was taking place.

13.     The members of the NYPD for a period of time said nothing to ask any members of the public or journalists to get out of the roadway.

14.     After a period of time, Defendant DEPUTY INSPECTOR ANTHONY BOLOGNA - on information and belief the ranking officer at the scene - decided to arrest the individual who was kneeling in the roadway.

15.     Plaintiff attempted to film this individual's arrest, and was following members of the NYPD as they brought the arrested individual from the roadway over to the sidewalk.

16.     Defendant DETECTIVE KENNETH ODONNELL told Plaintiff – as she approached the sidewalk, filming the NYPD officers who were removing the arrested individual from the scene - to leave the roadway and asked her if she wanted to be arrested, and interfered with her attempt to film the man being arrested.

4

17.     Defendant DETECTIVE KENNETH ODONNELL, with the assistance of POLICE OFFICER FERNANDO CENTENOTALAVERA, grabbed Plaintiff and placed her under arrest.

18.     Plaintiff, when she was arrested, was in the process of leaving the roadway and going onto the sidewalk.

19.     Plaintiff was arrested a very short distance from the sidewalk, as she headed toward the sidewalk.

20.     Defendant DETECTIVE KENNETH ODONNELL, with the assistance of a POLICE OFFICER FERNANDO CENTENOTALAVERA, took Plaintiff roughly down to the ground, causing her to land on top of her large equipment bag.

21.     Defendant DETECTIVE KENNETH ODONNELL, with the assistance of the POLICE OFFICER FERNANDO CENTENOTALAVERA, picked Plaintiff back up again.

22.     Defendant DEPUTY INSPECTOR ANTHONY BOLOGNA assisted DETECTIVE KENNETH ODONNELL and POLICE OFFICER FERNANDO CENTENOTALAVERA to place Plaintiff in handcuffs – which were applied with an excessive and punitive tightness – and to walk her in custody farther down the street, and place her in a police car.

23.     Plaintiff was taken to the NYPD 1st Precinct.

24.     Plaintiff was searched, fingerprinted, and photographed at the precinct, and placed into a holding cell.

25.     Plaintiff was held at the 1st Precinct until the nighttime.

26.     Plaintiff was thereafter taken to Manhattan Central Booking.

27.     Plaintiff was arraigned during the evening of September 25, 2014, and released on his own recognizance.

28.     Plaintiff was falsely charged with one count of violation of Penal Law § 205.30 (Resisting Arrest), one count of violation of Penal Law § 195.05 (Obstruction of Governmental Administration), and one count of violation of Penal Law § 240.20(5) (Disorderly Conduct).

29.     Defendant POLICE DETECTIVE KENNETH ODONNELL is the deponent on the Criminal Court Complaint that was lodged against Plaintiff, and falsely attests, under penalty of perjury, that Plaintiff obstructed vehicular traffic by standing in the middle of the street and refusing his direction to step out of the street, and that Plaintiff pushed his arm when he tried to separate Plaintiff from Defendant DEPUTY INSPECTOR ANTHONY BOLOGNA while Defendant DEPUTY INSPECTOR ANTHONY BOLOGNA was arresting another individual, and that Plaintiff refused to put her hands behind her back, kicked her legs back and forth, wrapped her arms around her body, and threw her arms up and down thereby making handcuffing difficult.

30.     These allegations are lies.

31.     Plaintiff had not refused DETECTIVE KENNETH ODONNELL's direction to leave the roadway.  She and a number of other people and police had already been in the roadway for a significant period of time, and she was merely attempting to film, and was filming - without interfering in any way with the police – the arrest of the man in the roadway.

32.     Plaintiff was walking toward the sidewalk, and almost at the sidewalk, when she was arrested for purportedly refusing to go to the sidewalk.

33.     Plaintiff had not obstructed any vehicular (or pedestrian) traffic, and was arrested

on a pretext to prevent her from filming the arrest of the man in the roadway.

34.     Plaintiff's interactions with DETECTIVE KENNETH ODONNELL prior to her arrest occurred very quickly.

35.     Plaintiff did not push DETECTIVE KENNETH ODONNELL's arm away from her.

36.     The first contact made between Plaintiff and DETECTIVE KENNETH ODONNELL occurred when DETECTIVE KENNETH ODONNELL grabbed Plaintiff.

37.     Plaintiff did not intend to, nor did she, obstruct or impair the police, or anyone else.

38.     Plaintiff did not exert any physical force upon, or interfere with, any member of the NYPD (or anyone else), and did not commit any unlawful acts at the time of her arrest.

39.     Plaintiff was simply trying to film the arrest of the man in the roadway, and trying to follow the police and that man onto the sidewalk, and in the midst of trying to do that, Plaintiff was arrested and manhandled, as described above.

40.     DETECTIVE KENNETH ODONNELL's directive to leave the roadway was given to Plaintiff as a pretext to arrest Plaintiff, in order to prevent Plaintiff from documenting the arrest.

41.     Plaintiff did not refuse to put her hands behind her back, or kick her legs back and forth, or wrap her arms around her body, or throw her arms up and down.

42.     Plaintiff – shocked at having been grabbed, shoved to the ground, and manhandled – did stiffen her arms, but she was not told to put them behind her back at any point, and did not refuse to do so.

7

43.     DETECTIVE KENNETH ODONNELL and POLICE OFFICER FERNANDO CENTENOTALAVERA - two large male officers - were much stronger than Plaintiff and able to bend her arms without any possibility of difficulty.

44.     The charge against Plaintiff for Obstruction of Governmental Administration was dismissed on the motion of the District Attorney's office on or about April 16, 2012.

45.     The remaining charges against Plaintiff, for Disorderly Conduct and Resisting arrest, have been dismissed by way of adjournment in contemplation of dismissal.

46.     Plaintiff's camera equipment was damaged in the course of her arrest.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

47.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

48.     By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, converting plaintiff's property, maliciously prosecuting plaintiff, abusing process against plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of her rights to free speech and assembly, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants POLICE DETECTIVE KENNETH ODONNELL, POLICE DEPUTY INSPECTOR ANTHONY BOLOGNA, POLICE OFFICER FERNANDO CENTENOTALAVERA, DOES and/or ROES, acting under color of law and without lawful

justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

49.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

50.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

51.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE DETECTIVE KENNETH ODONNELL, POLICE DEPUTY INSPECTOR ANTHONY BOLOGNA and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

52.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

9

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

53.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

54.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

55.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

56.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct, including filming them.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

57.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

58.     At all times material to this complaint, the defendant CITY OF NEW YORK has been on continuing notice that officers and commanders of the New York City Police Department tolerate and encourage police to lie, and to otherwise act, to cover up the wrongful conduct of themselves and their fellow officers. This can be shown with reference to the following cases:

a.     Ariza v. City of New York, 1996 U.S. Dist. LEXIS 20250, 14 (E.D.N.Y. March 7, 1996) ["The [municipal] defendants concede, however, that the code exists to prevent other officers from reporting corruption or dishonesty by fellow officers.... [t]he principle behind the 'blue wall of silence' is that officers will suffer recrimination for breaking ranks and subjecting police conduct to public scrutiny."]

b.     White-Ruiz v. City of New York, 1996 U.S. Dist. LEXIS 15571, 23 (S.D.N.Y. October 21, 1996) ["[P]laintiff offers sufficient evidence to permit a reasonable trier of fact to infer that the 'blue wall of silence' constitutes a custom or usage of the Department"]

c.     United States v. Rosario, 237 F. Supp. 2d 242, 248 (E.D.N.Y. 2002) ["[Assistant U.S. Attorney] Palmer testified that while supervising the federal investigation into

11

the Louima assault, she routinely confronted a 'blue wall of silence' erected by police officers and PBA officials intent on obstructing efforts to uncover the full truth about what had happened at the 70th precinct on August 9, 1997."]

    d.    <u>Barry v. New York City Police Dep't</u>, 2004 U.S. Dist. LEXIS 5951, 40-41 (S.D.N.Y. April 7, 2004) ["[P]laintiff's witnesses speak from firsthand experience about the blue wall of silence.... Plaintiff complains of acts that are of the precise nature as the customs and practices described in the [Mollen Commission] Report."

    e.    <u>Griffin v. City of New York et al.</u>, 10 Civ. 01824 (E.D.N.Y. 2010) [Plaintiff detective sues on pattern of retaliation following his reporting fellow detective to Internal Affairs, fellow officers cover for detective accused of misconduct, *see*, e.g., at ¶35: "Internal Affairs conducted its investigation into [Detective] Plaintiff's allegations [of misconduct] against [Detective] McCarthy. All of the material witnesses failed to cooperate with the investigation by being less than truthful.... [a]s a result, the allegations made by Plaintiff against McCarthy were dismissed as unsubstantiated."]

59.    At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in unconstitutional false arrests and related malicious prosecutions, and in unconstitutional, violent, and overly aggressive actions toward individuals perceived as being affiliated with the Occupy Wall Street movement. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct

12

alleged herein.

60.     The existence of the aforesaid unconstitutional customs and practices, specifically

with regard to the use of excessive force, unlawful detention, interference with protected First

Amendment activity, retaliatory use of force, malicious prosecutions, abuse of process and

deprivation of liberty without due process of law against individuals apparently associated with

Occupy Wall Street while engaged in protected First Amendment activity, are further evidenced,

*inter alia*, by the hundreds of incidents - including the incident involving the Plaintiff herein, as set

forth above - involving questionable arrests and uses of force by NYPD officers against OWS

protestors documented in the press and compiled by The Global Justice Clinic at the New York

University School of Law and the Walter Leitner International Human Rights Clinic at the Leitner

Center for International Law and Justice at Fordham Law School in their publication entitled

"Suppressing Protest: Human Rights Violations in the U.S. Response to Occupy Wall Street,"

published July 25, 2012, *available online at* http://www.documentcloud.org/documents/403969-

suppressing-protest.html (last visited March 13, 2014).

61.     Numerous civil rights cases have also been filed in this district (most pending, and

some settled or resolved by accepted Rule 68 Offer – information concerning amounts provided

as available) arising out of allegations of, *inter alia*, false arrest and excessive force that occurred

in relation to OWS.  Some of these cases are (information last updated on March 13, 2014):

- Schrader v. City of New York, et al., 13 Civ. 1995 (HB) (settled for $82,500);

- Schmidt v. City of New York, et al., 13 Civ. 961 (DLC) (accepted Rule 68 Offer of $15,002, plus payment of $18,000 in attorneys' fees and costs);

- Fields and McKeown v. City of New York, et al., 13 Civ. 8819 (JGK) (pending);

13

- Eric-John Russell v. City of New York, et al., 13 Civ. 9047 (ALC) (pending);

- Alexander Penley v. City of New York, et al., 14 Civ. 1577 (JGK) (pending);

- Rodriguez et al. v. Winski et al., 12 Civ. 3389 (NRB) (pending);

- Damien Crisp v. City of New York, et al., 12 Civ. 5842 (RWS) (pending);

- Kelly Hanlin v. City of New York, et al., 12 Civ. 5844 (RWS) (pending);

- Julie Lawler v. City of New York, et al., 12 Civ. 5843 (RWS) (pending);

- Phoebe Berg, et al v. City of New York, et al., 12 Civ. 3391 (TPG) (pending);

- Moira Meltzer-Cohen v. City of New York, et al., 14 Civ. 516 (SAS) (pending);

- Amanda Clarke v. City of New York, et al., 13 Civ. 5303 (RWS) (pending);

- Rhiannon Ball v. City of New York, et al.; 13 Civ. 5563 (RWS) (pending);

- Gabriel Brown v. City of New York, et al., 13 Civ 2058 (NRB) (settled for $15,000);

- Damian Treffs v. City of New York, et al., 12 Civ. 3030 (HB) (settled for $27,500);

- Friesdat v. The City of New York et al., 14 Civ. 625 (JGK) (pending);

- Jimenez v. The City Of New York , et al., 14 Civ. 413 (RA) (pending);

- Shamir v. The City of New York et al., 13 Civ. 5652 (CM) (pending);

- Adsluf v. The City of New York, et al., 13 Civ. 2295 (LGS) (settled for $40,000);

- Perloff v. The City of New York, et al., 13 Civ. 4175 (KBF) (pending);

- Garcia v Bloomberg, et al., 11 Civ. 6957 (JSR) (pending);

- Elliot, et al. v. City of New York, et al., 12 Civ. 992 (RWS);

- Schomburg v. Bologna, et al., 12 Civ. 7161 (RWS);

- <u>Dierken, et al. v. City of New York, et al.</u>, (RWS) (pending);

- <u>Dedrick v. City of New York, et al.</u>, 12 Civ. 7165 (RWS);

- <u>Sterling, et al. v. City of New York, et al.</u>, 12 Civ. 7086 (RWS);

- <u>Clarke, et al. v. City of New York, et al.</u>, 13 Civ. 5303 (RWS);

- <u>Ball v. City of New York, et al.</u>, 13 Civ. 5563 (RWS);

- <u>Brown v. City of New York et al.</u>, 13 Civ. 1018 (KAF) (pending);

- <u>Bogart v. City of New York et al.</u>, 13 Civ. 1017 (NRB) (pending);

- <u>Boss v. City of New York, et al.</u>, 12 Civ. 8728 (GBD) (settled);

- <u>Global Revolution TV, et al. v. City of New York, et al.</u>, 12 Civ. 5086 (GBD) (settled);

- <u>Iskender v. City of New York, et al.</u>, 13 Civ. 2899 (RA) (settled);

- <u>Peat, et al. v. City of New York, et al.</u>, 12 Civ. 8230 (SAS) (settled);

- <u>Arce v. City of New York, et al.</u>, 13 Civ. 8486 (PKC) (settled);

- <u>Laugier v. City of New York, et al.</u>, 13 Civ. 6171 (HB) (pending);

- <u>Jefferson Meighan v. City of New York, et al.</u>, 12 Civ. 7929 (AKH) (settled);

- <u>Pluma v. City of New York, et al.</u>, 13 Civ. 2017 (TPG) (pending);

- <u>Ross, et al. v. City of New York, et al.</u>, 13 Civ. 5012 (VSB) (settled);

- <u>Stoeckley, et al. v. City of New York, et al.</u>, 13 Civ. 6173 (VSB) (pending);

- <u>Time's Up, Inc., et al. v. City of New York, et al.</u>, 13 Civ. 1081 (GBD) (settled);

- <u>Wiles v. City of New York, et al.</u>, 13 Civ. 2898 (HB) (pending);

- <u>Rechtschaffer v. City of New York, et al.</u>, 13 Civ. 0709 (JPO) (settled);

- <u>Adona v. City of New York, et al.</u>, 12 Civ. 7458 (HB) (accepted Rule 68 Offer of $25,001, plus payment of $35,000 in attorneys' fees and costs);

- <u>Tardif v. New York et al.</u>, 13 Civ. 4056 (LTS) (pending);

- <u>Occupy Wall Street, et al. v. City of New York, et al.</u>, 12 Civ. 4129 (GBD) (settled for $47,000, plus $186,349.58 in attorneys' fees and costs);

- <u>Carpenter, et al. v. City of New York, et al.</u>, 11 Civ. 8414 (GHW) (pending).

62.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:       New York, New York
             July 14, 2014

                                        _____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff

17