UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARISA HOLMES,

       Plaintiff,

  -v-                                                 No.  14 CV 5253-LTS-RLE

THE CITY OF NEW YORK, et al.,

       Defendants.

--------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       On March 4, 2016, this Court issued a Memorandum Opinion and Order (docket entry no. 76 (the "March Opinion")) granting Defendants' motion to dismiss certain of Plaintiff's claims in this Section 1983 action arising out of Plaintiff's arrest during Occupy Wall Street demonstrations.  In the March Opinion, Plaintiff granted permission to move for leave to amend her Complaint to add facts relating to her claim for malicious prosecution as to the charge of obstruction of governmental administration.  Plaintiff has moved for partial reconsideration of the March Opinion, as to this Court's dismissal of her claim for excessive force, and has moved for leave to file a Second Amended Complaint that contains additional facts relating to her malicious prosecution claim.  (See docket entry nos. 78 & 80.)  Separately, Plaintiff has objected to an Order by Magistrate Judge Ellis relating to a discovery dispute between the parties (docket entry no. 108), and to an Order by Magistrate Judge Ellis denying a request to compel production of certain video footage (docket entry no. 114).  The Court has carefully considered the parties' submissions as to both motions and both objections, and for the reasons that follow, Plaintiff's motion for reconsideration is denied, her motion for leave to amend is denied, and her objections

to Judge Ellis' orders are overruled.

BACKGROUND

The following recitation of facts is limited to those relevant to the two claims at issue here; the underlying facts of this case are set forth in the March Opinion.  See Holmes v. City of New York, No. 14 CV 5253, 2016 WL 915332, at *1-2 (S.D.N.Y. Mar. 4, 2016).

As to Plaintiff's claim for excessive force, Plaintiff alleges in the operative Amended Complaint (docket entry no. 13 ("AC")) that she was "roughly [taken] down to the ground" and then placed in handcuffs, and that Plaintiff "complained about the excessive and painful tightness of her handcuffs."  (AC ¶¶ 26-29.)  Plaintiff also alleges that the two male NYPD officers who arrested her were larger and stronger than she was.  (AC ¶ 71.)  The Amended Complaint contains no allegations that Plaintiff suffered any particular physical injury as a result, nor does Plaintiff provide medical records documenting treatment for any injury.

As to Plaintiff's claim for malicious prosecution, Plaintiff's Proposed Second Amended Complaint (docket entry no. 81, Ex. 1 ("PSAC")) adds the following allegation:

> Plaintiff had to appear in Criminal Court, on pain of the issuance of a bench warrant should she have failed to appear, relating to the charge of Obstruction of Governmental Administration on five occasions following her arraignment: on November 14, 2011, on January 23, 2012, on February 17, 2012, on March 23, 2012, and on April 16, 2012.

(PSAC ¶ 73.)  When Plaintiff was charged with Obstruction of Governmental Administration, she was simultaneously charged with disorderly conduct and resisting arrest; the latter two charges were ultimately dismissed by way of adjournment in contemplation of dismissal. (PSAC ¶ 74.)

DISCUSSION

Motion for Reconsideration

"A motion for reconsideration is governed by Local Civil Rule 6.3.  In deciding a motion for reconsideration pursuant to Local Civil Rule 6.3 . . . [t]he moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion."  See Weber v. Multimedia Entertainment, Inc., No. 97 CV 682, 2000 WL 724003, at *1 (S.D.N.Y. June 5, 2000); see also Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").  Ultimately, the decision as to whether or not to grant a motion for reconsideration is entrusted to the district court's sound discretion.  See, e.g., Devlin v. Trans. Commcn's Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

Plaintiff's motion for reconsideration states only a disagreement with this Court's conclusions in the March Opinion, and identifies no controlling decision or material fact that was overlooked.  Plaintiff's motion highlights two facts not specifically noted in the March Opinion, but neither is material to the question of whether Plaintiff adequately stated a claim for excessive force.  First, Plaintiff notes that the NYPD officers who brought her to the ground and arrested her were allegedly larger and stronger than she was; second, Plaintiff alleges that she did not resist arrest.  Both of these facts were before the Court and were considered in the prior motion practice, and do not alter the analysis.[1]

---

[1] Plaintiff's additional proffer of deposition testimony by a non-expert third-party witness in her reply memorandum of law (docket entry no. 99, at 2-3) does not alter the analysis, as the witness' testimony would not be properly before the Court on a

Plaintiff "did not allege any physical injuries," Higginbotham v. City of New York, 105 F. Supp. 3d 369, 377 (S.D.N.Y. 2015), and thus – notwithstanding the size of the arresting officers or Plaintiff's own lack of resistance – she does not state an actionable constitutional claim for excessive force.  See, e.g., Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) ("[N]ot every malevolent touch . . .gives rise to a federal cause of action. . . . [A] 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."). Plaintiff relies on dicta in Amnesty America v. Town of West Hartford, 361 F.3d 113 (2004), to argue that actual injury is not required by the Second Circuit in excessive force cases.  In that case, however, plaintiffs alleged significant actual injury – "lasting damage . . . a second-degree burn . . . ramming [plaintiff's] head into a wall at a high speed."  Id. at 123.  The decision in Amnesty America therefore cannot be read to support the proposition that no allegation of discernible injury is necessary to bring an excessive force claim, and therefore does not provide a basis for reconsideration of this Court's prior decision on this issue.  Plaintiff's motion for reconsideration is therefore denied.

Motion for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted "when justice so requires."  Fed. R. Civ. P. 15(a).  While granting or denying such leave is within the discretion of the district court, Reisner v. General Motors Corp., 511 F. Supp. 1167, 1171 (S.D.N.Y.1981), leave to amend will generally be granted unless: (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure

---

motion to dismiss, and because the testimony provides only a statement of opinion about the propriety of the officers' actions, rather than the evidence of injury held to be lacking in the March Opinion.

deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).

As this Court held in the March Opinion, a federal claim for malicious prosecution sounds in the Fourth Amendment and requires Plaintiff to allege "a sufficient post-arraignment liberty restraint" such that her Fourth Amendment rights were implicated.  See Holmes, 2016 WL 915332, at *4 (quoting Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000)).  Plaintiff seeks leave to amend her complaint to add a claim for malicious prosecution for obstruction of governmental administration ("OGA"), asserting that her five required court appearances satisfy the Fourth Amendment component of the claim.  Although these five court appearances would be facially sufficient to allege a Fourth Amendment deprivation of liberty under Swartz v. Insogna, 704 F.3d 105, 112 (2d Cir. 2013), Holmes nonetheless does not state a claim because an actionable deprivation of liberty must flow from the challenged prosecution, in order to ensure that the malicious prosecution claim is not merely one seeking review of a prosecutorial decision.  See Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 116 (2d Cir. 2004) (holding that a federal malicious prosecution plaintiff must allege "a harm of constitutional proportions," because "the abstract value of a constitutional right may not form the basis for § 1983 damages," which "must always be designed to *compensate injuries* caused by the constitutional deprivation" (internal modifications and quotation marks omitted) (emphasis in original)).  It is undisputed that the five court appearances Holmes identifies were also required by the pendency of two other charges that were not terminated in her favor.  Holmes thus would have been required to appear in court regardless of whether the City had chosen to prosecute the OGA charge that Holmes alleges was malicious.  She therefore cannot plausibly

allege the deprivation of liberty under the Fourth Amendment that is necessary to state a malicious prosecution claim under Section 1983.  See Walker v. Sankhi, 494 F. App'x 140, 143 (2d Cir. 2012) ("Walker could not have suffered a deprivation of liberty as a result of the . . . burglary charge [underlying his malicious prosecution claim] because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately convicted.").

Accordingly, granting leave to amend the malicious prosecution claim would be futile, and Plaintiff's motion for leave to amend is denied.

Objections to Discovery Order

Plaintiff separately objects to two orders by Magistrate Judge Ronald L. Ellis, to whom this case has been referred for general pre-trial management, dated May 19, 2016 (docket entry no. 100 (the "May Discovery Order")), and June 24, 2016 (docket entry no. 112 (the "June Discovery Order")).

Section 636(b)(1)(A) of Title 28 of the U.S. Code authorizes a magistrate judge to hear and determine non-dispositive pretrial matters and further provides that, upon a timely objection, a district court judge "may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  See 28 U.S.C.S. § 636(b)(1)(A) (LexisNexis 2001).  In this connection, Federal Rule of Civil Procedure 72(a) provides that, following a party's timely objection to a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

As to the May Discovery Order, Plaintiff moved for an order requiring production

of certain discovery materials by Defendant Kenneth O'Donnell on April 25, 2016. As Judge Ellis noted in the May Discovery Order, fact discovery in this matter was scheduled to close on April 29, 2016. Judge Ellis concluded that Plaintiff's request was therefore untimely and that, given the probative value of the request and the burden upon the producing party, the motion to compel should be denied. (Discovery Order, at 1.) Plaintiff has not carried her burden of showing that Judge Ellis' order was clearly erroneous or contrary to law. By her own admission, Plaintiff was aware of the material she sought as early as February 22, 2016 (more than two months before she made her discovery request), and chose to defer acting until four days before the scheduled close of discovery. It was not clearly erroneous for Judge Ellis to conclude that this rendered Plaintiff's application untimely. See, e.g., Santa Ana v. Indus. Bank of Japan, Ltd., No. 94 CV 2667, 1994 WL 683425 (S.D.N.Y. Dec. 6, 1994) ("Magistrate Judge Grubin's denial as untimely of plaintiff's request [for a deposition] is neither clearly erroneous nor contrary to law in light of the plaintiff's admission in its appeal letter that the notice was served only five days before the then-October 12, 1994 discovery deadline . . . ."). Plaintiff's objection is therefore overruled.

Plaintiff's objection to the June Discovery Order is similarly unavailing. Plaintiff asserts that the in camera review by Judge Ellis of certain video footage was insufficient for a determination as to the relevance of the contents of the video, primarily because Plaintiff believes that she would be better able to determine relevance. The Federal Rules of Civil Procedure, however, provide that the appropriate scope of discovery is limited to "relevant" material and the Court is plainly empowered to make determinations as to whether proposed discovery is, in fact, "outside the scope" of this limitation. See Fed. R. Civ. P. 26(b)(1) & 26(b)(2)(C)(iii). While Plaintiff may disagree with Judge Ellis' determinations, that

disagreement alone does not demonstrate clear error.  Plaintiff's objection to the June Discovery Order is therefore overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied, Plaintiff's motion for leave to amend is denied, and Plaintiff's objections to the May and June Discovery Orders are overruled.  This Memorandum Opinion and Order resolves docket entry nos. 78, 80, 108, and 114.

Pursuant to this Court's prior order (docket entry no. 113), the deadline for filing dispositive motions is hereby extended to **March 10, 2017**.  The final pre-trial conference is adjourned to **June 2, 2017, at 10:00 a.m.**  This case remains referred to Magistrate Judge Ellis for general pre-trial management.

SO ORDERED.

Dated: New York, New York
      February 8, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge